```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

DEMETRIUS EWING                                CIVIL ACTION

VERSUS                                         NUMBER: 10-4146

E. OLSEN, ET AL.                               SECTION: "F"(5)
```

O R D E R

Presently before the Court are: 1) plaintiff's motion for a temporary restraining order and preliminary injunction (rec. doc. 9), 2) plaintiff's motion for appointment of counsel (rec. doc. 10), and 3) plaintiff's request for production of documents (rec. doc. 11) which was docketed as a motion for production of documents.

At the time that he filed his complaint in this matter, plaintiff was housed at the Jefferson Parish Correctional Center ("JPCC"). (Rec. docs. 7, pp. 2, 11; 7-1). He named as defendants herein E. Olsen, an Assistant Administrator at JPCC; Jean Llovet, Director of Clinical Services at JPCC; LPN Dibble of the JPCC; and, Sheriff Newell D. Normand. (Id. at pp. 1, 3, 5). In his complaint,

plaintiff complained of the adequacy of the medical care that he was receiving at JPCC. (<u>Id</u>. at pp. 4-9). Since filing his complaint, plaintiff has been transferred first to the C. Paul Phelps Correctional Center in DeQuincy, Louisiana, and more recently to the Elyan Hunt Correctional Center in St. Gabriel, Louisiana. (Rec. docs. 4, 8). By way of his first motion, plaintiff seeks expedited injunctive relief directing the named defendant JPCC officials to provide him with appropriate medical care. Plaintiff's transfer from JPCC, however, has rendered his claim for injunctive relief moot. <u>Edwards v. Johnson</u>, 209 F.3d 772, 776 (5th Cir. 2000); <u>Hernandez v. Garrison</u>, 916 F.2d 291, 293 (5th Cir. 1990); <u>Rocky v. King</u>, 900 F.2d 864, 867 (5th Cir. 1990); <u>Schwartz v. Jones</u>, 99-CV-3269, 2000 WL 1859012 at *2 (E.D. La. Dec. 18, 2000). That being the case, plaintiff's first motion is hereby denied.

Having considered the factors set forth in <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982), plaintiff's motion for appointment of counsel is also denied.

Finally, as plaintiff makes no showing of having served the named defendants with a properly drafted document request under Rule 34, Fed.R.Civ.P., his request for production of documents which was docketed as a motion for production of documents is also denied.

New Orleans, Louisiana, this <u>7th</u> day of <u>  December  </u>, 201<u>0</u>.

_____<br>
ALMA L. CHASEZ<br>
UNITED STATES MAGISTRATE JUDGE