UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEMETRIUS EWING                              CIVIL ACTION

VERSUS                                       NO. 10-4146

EDWARD T. OLSEN, ET AL.                      SECTION: "F" (5)

REPORT AND RECOMMENDATION

Plaintiff, Demetrius Ewing, is a prisoner currently incarcerated in the Phelps Correctional Center, DeQuincy, Louisiana. The instant action, however, concerns alleged constitutional violations during his incarceration in the Jefferson Parish Correctional Center ("JPCC"), Gretna, Louisiana. Plaintiff originally named as defendants: Edward Olsen, a captain with the Jefferson Parish Sheriff's Department; Jean Llovet, a registered nurse employed as the Director of Clinical Services at JPCC; James Dibble, a licensed practical nurse employed at JPCC; and, Jefferson Parish Sheriff Newell Norman.

Plaintiff's complaint, filed pursuant to 42 U.S.C. §1983, is two-fold. The main focus is plaintiff's claim that he received inadequate medical treatment at the hands of defendants Llovet and

Dibble.  Both Llovet and Dibble have been dismissed as party defendants pursuant to a motion for summary judgment filed on their behalf.  (See rec. docs. 53 and 54).

The second part of plaintiff's §1983 action concerns defendant Olsen's mishandling of two administrative grievances.  The undersigned has recommended that Olsen should also be dismissed as a party defendant pursuant to a motion for summary judgment filed on Olsen's behalf.  (See rec. docs. 55).

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §1915(e)(2).  The court has broad discretion in determining the frivolous nature of the complaint.  See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a

complaint is frivolous "if it lacks an arguable basis in law or fact."  <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); <u>Booker</u>, 2 F.3d at 116.

The remaining party defendant is Jefferson Parish Sheriff Newell Norman.  However, a state actor generally may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."  <u>Douthit v. Jones</u>, 641 F. 2d 345, 346 (5th Cir. 1981); <u>see</u> <u>also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F.2d 120 (5th Cir. 1980).  <u>Respondeat</u> <u>superior</u> is not a legal theory under which liability can be visited on Jefferson Parish Sheriff Newell Norman.  <u>Monell v. New York City Dept. of Soc. Serv.</u>, 436 U.S. 658, 690-91 (1978).

Plaintiff does not contend and there is no evidence to suggest that Sheriff Norman played any role in either plaintiff's medical care or in the handling of his administrative grievances.  Nor does plaintiff contend that either the alleged inadequate medical care he received or the improper handling of his administrative grievances was in accordance with an unconstitutional policy promulgated by Sheriff Norman or was the result of Norman's gross negligence in failing to properly supervise employees working in JPCC.

Accordingly;

**RECOMMENDATION**

It is hereby **RECOMMENDED** that plaintiff's claims against Jefferson Parish Sheriff Newell Norman be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this  1st  day of   November  , 2011.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.